**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-1076

ZYNEX MEDICAL, INC.,

        Petitioner;

   v.

MICHAEL FRABOTTA and
MELISSA YOUNG

        Respondents.

---

## PETITION TO COMPEL ARBITRATION

---

Petitioner Zynex Medical, Inc. ("Zynex"), by and through undersigned counsel, brings this Petition pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA") to compel Respondents, Michael Frabotta and Melissa Young, to arbitrate the claims set forth in Petitioner's Arbitration Demand and the counterclaims set forth in Respondent Young's Response and Counterclaims filed in the same arbitration.

### NATURE OF THE DISPUTE

1.    This is a petition to compel arbitration pursuant to Section 4 of the FAA. This petition to compel arbitration is an expedited, summary proceeding under the FAA.

2.    Respondents are former employees of Petitioner Zynex who signed written agreements to arbitrate any and all disputes with Zynex. *See* Ex. A to Brief in Support of Petition to Compel Arbitration.

3. A dispute arose between Zynex and Respondents, and on February 19, 2021, Zynex filed with JAMS, and served on both Respondents the Arbitration Demand, attached as Ex. H to Petitioner's Brief in Support of this Petition.

4. On March 5, 2021 Respondent Young filed a Response and Counterclaims in the JAMS Arbitration asserting twelve counterclaims against Petitioner Zynex.

5. On March 8, 2020, Respondent Frabotta filed a Motion to Dismiss in the JAMS Arbitration.

6. On March 11, 2021, JAMS sent counsel for all parties a set of Service Agreements to be signed by the parties and their counsel in order for JAMS to proceed with the arbitration.

7. Respondents Young and Frabotta and their respective counsel have refused to sign the JAMS Service Agreements thereby preventing arbitration of this dispute.

8. Zynex requests that the Court enter an Order compelling Respondents to resolve all disputes with Zynex through mandatory, binding arbitration in accordance with the arbitration agreements.

9. The background and grounds for this petition are set forth more fully in the accompanying Brief in Support of Petition to Compel Arbitration.

## THE PARTIES

10. Petitioner Zynex is a company incorporated in Colorado and headquartered in Englewood, Colorado. Zynex is engaged in the business of providing prescription-based medical devices, products and supplies, including electrotherapy devices and cervical traction devices to patients who are prescribed such treatments. See Ex. A to Petitioner's Brief in Support of this

Petition.

11. Respondent Frabotta was employed as Vice President of Sales for Zynex from November 4, 2014 until November 25, 2019 and is a citizen of Pennsylvania. During his employment with Zynex, Frabotta worked for Zynex out of his home in New Castle, Pennsylvania and Zynex withheld Pennsylvania state income taxes from Frabotta's paychecks. Frabotta has maintained his primary residence in New Castle, Pennsylvania since at least 2014 through present. Frabotta alleges in his Motion to Dismiss that he is a resident of Pennsylvania. *Id*.

12. Respondent Young was employed as an Account Representative for Zynex from 2017 until December 14, 2020 and is a citizen of Mississippi. During her employment with Zynex, Young worked for Zynex out of her home in Olive Branch, Mississippi and Zynex withheld Mississippi state income taxes from Young's paychecks. Young has maintained her primary residence in Olive Branch, Mississippi since at least 2018 through present. *Id*.

13. The amount in controversy in this case is more than $1,200,000. Respondents' misconduct has caused and is continuing to cause Zynex a loss of revenue of approximately $70,000-$100,000 per month ($840,000 to $1,200,000 annually) from business that Respondents have directed away from Zynex in violation of their agreements. In addition, Respondent Young has asserted Counterclaims against Zynex in which she seeks "damages of $250,000." *Id*.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the Petition pursuant to 28 U.S.C. §1332(a)(1) because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 9 U.S.C. § 4 ("A party

aggrieved ... may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28.").

15. Venue is proper in this Court because Petitioner has filed its Arbitration Demand in Denver, Colorado. Section 4 of the FAA, 9 U.S.C. § 4, provides that "The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed."

## FIRST CLAIM
### (Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)

16. Petitioner repeats and realleges the allegations set forth in Paragraphs 1 through 15 above as if fully set forth herein.

17. As set forth in the attached Brief in Support of Petition to Compel, all three agreements between the parties contain valid, irrevocable, and enforceable arbitration provisions.

18. All the claims brought by Petitioner in its Arbitration Demand and all counterclaims brought by Respondent Young fall within the scope of the arbitration provisions, which require "any and all disputes" to be decided by mandatory arbitration.

19. Following service of the Arbitration Demand on Respondents, Respondents have stated through their counsel that they refuse to arbitrate.

20. This Court has authority under Section 4 of the FAA, 9 U.S.C. § 4, to compel Respondents to arbitrate all claims in the Arbitration Demand and counterclaims, the grounds for which are set forth more fully in the attached Brief in Support of Petition to Compel.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner requests judgment as follows:

1. A determination that valid agreements to arbitrate exist between the parties and

that Respondents have failed, neglected, or refused to arbitrate.

       2.       That this Court issue an Order pursuant to Section 4 of the Federal Arbitration Act compelling arbitration of all claims in the Arbitration Demand in accordance with terms agreed upon between the parties.

       3.       Awarding attorney's fees, costs, and other relief caused by Respondents' wrongful refusal to arbitrate.

       4.       Any other such relief as may be requested, or the Court deems appropriate.

Respectfully submitted this 19th day of April 2021.

                       FORTIS LAW PARTNERS LLC

                       By: s/ Christine Lamb
                       Christine Lamb (Co. Bar No. 30326)
                       1900 Wazee Street, Suite 300
                       Denver, CO 80202
                       Telephone: (720) 904-6009
                       Facsimile: (303) 295-9701
                       clamb@fortislawpartners.com
                       *Attorneys for Petitioner*