**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-1076-RMR-KLM

ZYNEX MEDICAL, INC.,

    Petitioner,

v.

MICHAEL FRABOTTA and
MELISSA YOUNG,

    Respondents.

---

**RESPONDENT MICHAEL FRABOTTA'S RESPONSE**
**TO PETITION TO COMPEL ARBITRATION**

---

    For the reasons set forth in Respondent Michael Frabotta's Motion to Dismiss and Reply in Support of that Motion (which this Court denied on March 4, 2022), Frabotta opposes the Petition to Compel Arbitration. As to the specific allegations in the Petition, Frabotta responds as follows:

    1.    The allegations in paragraph 1 of the Petition are legal conclusions to which no response is required.

    2.    In response to the allegations in paragraph 2 of the Petition, Frabotta admits he is a former employee of Petitioner and that during his employment, he signed various documents, all of which speak for themselves. Frabotta denies he is a party to any enforceable agreement to arbitrate. Frabotta is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 of the Petition.

3. In response to the allegations in paragraph 3 of the Petition, Frabotta admits that a dispute arose between himself and Petitioner. Frabotta further admits that Petitioner filed an Arbitration Demand with JAMS and served him with that Demand. Frabotta is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3 of the Petition.

4. Frabotta is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Petition.

5. Frabotta admits the allegations in paragraph 5 of the Petition.

6. In response to the allegations in paragraph 6 of the Petition, Frabotta admits that he received documents from JAMS that asked for his signature. The contents of those documents speak for themselves. Frabotta is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6 of the Petition.

7. In response to the allegations in paragraph 7 of the Petition, Frabotta admits he did not sign the documents sent to him by JAMS. Frabotta is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7 of the Petition.

8. For the reasons set forth in his Motion to Dismiss and Reply in Support of that Motion, Frabotta denies that Petitioner is entitled to the relief sought in paragraph 8 of the Petition.

9. The allegations in paragraph 9 do not require a response.

10. Frabotta is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Petition.

11. In response to the allegations in paragraph 11 of the Petition, Frabotta denies the allegation that his employment with Petitioner began on November 4, 2014 and also denies the

allegation that he was employed as the Vice President of Sales from November 4, 2014, to November 25, 2019. Frabotta admits the remaining allegations in paragraph 11 of the Petition.

12. Frabotta is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Petition.

13. Frabotta denies the allegations in the first two sentences of paragraph 13 of the Petition. Frabotta is without knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of paragraph 13 of the Petition.

14. The allegations in paragraph 14 of the Petition are legal conclusions to which no response is required. To the extent that a response is required, Frabotta denies the allegations in paragraph 14 of the Petition.

15. The allegations in paragraph 15 of the Petition are legal conclusions to which no response is required. To the extent that a response is required, Frabotta denies the allegations in paragraph 15 of the Petition.

16. Frabotta incorporates his responses to paragraphs 1 through 15 of the Petition herein.

17. Frabotta denies the allegations in paragraph 17 of the Petition.

18. Frabotta denies the allegations in paragraph 18 of the Petition.

19. For the reasons set forth in his Motion to Dismiss and Reply in Support of that Motion, Frabotta admits that following service of the Arbitration Demand, he did not submit to arbitration on the grounds that there was no enforceable agreement to arbitrate any dispute between him and Petitioner. Frabotta is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 of the Petition.

20. The allegations in paragraph 20 of the Petition are legal conclusions to which no response is required. To the extent that a response is required, Frabotta denies the allegations in paragraph 20 of the Petition.

21. Frabotta denies that Petitioner is entitled to the relief prayed for in the Prayer for Relief.

Respectfully submitted this 15th day of March, 2022.

                TIMMINS LLC

                s/ *Amy K. Hunt*
                Edward P. Timmins
                Amy K. Hunt
                450 E. 17th Ave., Suite 210
                Denver, CO 80203
                Phone: (303) 592-4500
                Fax: (303) 592-4515
                E-mail: et@timminslaw.com
                        ah@timminslaw.com

                *Attorneys for Respondent Michael Frabotta*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which served a copy upon:

Christine Lamb
Fortis Law Partners LLC
1900 Wazee Street, Suite 300
Denver, Colorado  80202

*Attorney for Petitioner*

Joel Dillard
Joel F. Dillard, P.A.
775 North Congress Street
Jackson, Mississippi  39202

*Attorney for Respondent Melissa Young*

/s/ *Noelle Collins*
Sr. Paralegal for TIMMINS LLC